```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
         V.                   ) Criminal No. 00-183
                              )
DANIEL JACKSON                )
```

**MOTION TO AMEND JUDGMENT AND COMMITMENT ORDER**

AND NOW, comes the defendant, Daniel Jackson, by his attorney, Michael J. Novara, First Assistant Federal Public Defender, and respectfully files this Motion to Amend Judgment and Commitment Order.  In support thereof counsel states:

1.  On August 22, 2001, this Honorable Court sentenced Daniel Jackson to 87 months imprisonment and 5 years supervised release.

2.  The Judgment and Commitment Order setting forth this sentence did not recommend that Mr. Jackson be permitted to participate in the Bureau of Prisons' 500-hour residential drug treatment program.

3.  Mr. Jackson is now at the end stage of his sentence and

is currently seeking the ability to enter this treatment program. His institution is denying him this opportunity, however, because his drug abuse problems are not sufficiently documented.

4. Although the "Substance Abuse" paragraph from Mr. Daniels' Presentence Investigation Report ("PSR") notes that he tested positive for cocaine while on pretrial release, it does not otherwise reflect a serious drug problem. See PSR ¶ 39 attached hereto at Exhibit A.

5. Attached hereto at Exhibit B is a "Sworn Declaration of Defendant Daniel Jackson," in which Mr. Jackson explains his drug dependancy history and asserts that he originally did not disclose his extensive drug use because he was in a state of denial.

6. Also attached hereto at Exhibit C is a letter from Elder Milton Raiford attesting to Mr. Jackson's drug history.

7. In light of these materials, Mr. Jackson respectfully requests that his sentencing documentation be modified so as to acknowledge his prior drug abuse history and that the Court modify its Judgment and Commitment Order so as to

recommend to the Federal Bureau of Prisons that he be permitted the opportunity to participate in the 500-hour program.

8.   Assistant United States Attorney Gregory Nescott, the original prosecutor in this case, has authorized undersigned counsel to set forth the government's position as follows: although the government is usually skeptical about claims of past drug use made for the purpose of getting into the 500-hour program, the government takes no position in the present case since Mr. Daniels' PSR does confirm at least one positive drug test.  Accordingly, the government will leaves the decision to grant the motion up to the discretion of the Court.

9.   Insofar as a decision in this matter is needed by Monday, July 24, 2006, Mr. Jackson hopes that the Court will review this request as soon as possible.

   WHEREFORE, for the foregoing reasons, Daniel Jackson, hereby requests this Honorable Court issue the attached Order, acknowledging the evidence of his past drug use and recommending to the BOP that he be given the opportunity to participate in their 500-hour program.

        Respectfully submitted,

        **S/Michael J. Novara**
        Michael J. Novara
        First Assistant Federal Public Defender
        Attorney I.D. No. 66434