IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
        v.                      )  Criminal No. 00-183
                                )
DANIEL JACKSON                  )

MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant's motion to amend judgment and commitment order (Document No. 42).    For the following reasons, defendant's motion will be denied.

On January 3, 2001, defendant appeared before this member of the court and pled guilty to possession with intent to distribute in excess of 50 grams of crack cocaine.    On August 22, 2001, defendant was sentenced to a term of imprisonment of 87 months to be followed by 5 years of supervised release.

Now, almost five years later, defendant has filed the pending motion requesting that this court amend his judgment and commitment order to add a recommendation permitting defendant to participate in the Bureau of Prisons' 500 hour residential drug treatment program.    The Assistant United States Attorney is taking no position on defendant's request and leaving the decision to the sound discretion of the court.

From a procedural standpoint, even if the court were inclined to grant defendant's requested relief, which it is not[1], the court nevertheless would have no authority to do so.   Defendant has cited no rule of criminal procedure or statute by which the court would be authorized to grant defendant the relief requested.

As a general rule, a court may not modify a judgment once it has been imposed except to the extent otherwise permitted by the Federal Rules of Criminal Procedure or by statute.   9A Fed.Proc., L.Ed. Criminal Procedure §22:1517.   It is apparent in this case that defendant is not entitled to relief under any of the provisions of Fed.R.Crim.P. 35, nor under Fed.R.Crim.P. 36. Likewise, relief is unavailable to defendant under 18 U.S.C. §3582(c), which governs modification of an imposed term of imprisonment.

In light of the above, the following order is appropriate.

---

[1]   As defendant concedes, a recommendation for defendant's participation in the 500 hour drug treatment program clearly was not warranted based on the information before the court at the time of sentencing.   Defendant now has supplemented the information contained in the presentence report with a letter from Elder Milton T. Raiford, the headmaster of the Imani Christian Academy, and with a sworn declaration from defendant that he "was using cocaine, smoking marijuana, and consumed alcohol consistently and daily" at the time of his arrest on March 15, 2000, and that immediately after posting bail, he began "to continue using cocaine, marijuana, and drink alcohol."   However, logic dictates that if defendant had been using cocaine and marijuana on a daily basis, he would have had more than one positive drug test for cocaine during the time of his pretrial release.   In any event, even accepting defendant's evidence as accurate, the court has no authority from a procedural standpoint to grant the requested relief.

✎AO 72
(Rev. 8/82)

O R D E R

AND NOW, this _24th_ day of July, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion to amend judgment and commitment order (Document No. 42) be, and the same hereby is, denied.

Gustave Diamond
United States District Judge

cc:   Gregory J. Nescott
      Assistant U.S. Attorney

      Michael J. Novara
      Assistant Fed.Pub. Defender

AO 72
(Rev. 8/82)